**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000797
26-JAN-2021
07:58 AM
Dkt. 53 SO**

NO. CAAP-19-0000797

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRENNAN KYLE PURTZER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-19-00488)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)


Defendant-Appellant Brennan Kyle Purtzer (**Purtzer**)

appeals from the Notice of Entry of Judgment and/or Order and

Plea/Judgment (**Judgment**), entered on October 15, 2019, by the

District Court of the First Circuit, Honolulu Division (**District

Court**).[1]

---

[1]    The Honorable Russell Nagata presided.

Purtzer was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2019).[2]

Purtzer raises two, related, points of error on appeal, contending that: (1) the District Court clearly erred in finding that Purtzer was operating a vehicle under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty; and (2) there was insufficient evidence to convict Purtzer of OVUII.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Purtzer's points of error as follows:

Purtzer contends that the evidence at trial was insufficient to show that he was intoxicated to the point where his normal mental faculties or ability to care for himself and guard against casualty were impaired. Accordingly, he submits

---

[2] HRS § 291E-61(a) provides, in relevant part:

> **§ 291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

that we should conclude that there is insufficient evidence to support his conviction.

It is well-established that the evidence adduced at trial must be considered in the strongest light for the prosecution.  State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).  "[E]ven if it could be said [] that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed."  State v. Xiao, 123 Hawaiʻi 251, 257, 231 P.3d 968, 974 (2010) (citation omitted).

In conjunction with his argument, Purtzer contends that the District Court erred in its oral findings when it found that, when Purtzer turned left after exiting the freeway, he crossed the solid line a "couple times" before going back in his lane. This finding is clearly erroneous because it is not supported by the evidence.  Honolulu Police Department (**HPD**) Officer James Baik (**Officer Baik**) testified as to his observations of Purtzer's driving, including that he saw Purtzer's vehicle, which was headed westbound on the Moanalua Freeway, "completely cross[] over" the center median dividing the Puʻuloa exit and the freeway without signaling to get on the Puʻuloa exit.  The median was about a "one-lane width" and marked with solid diagonal lines. Officer Baik testified that Purtzer thereafter made a "wide left" turn onto Jarrett White Road; during the turn, Purtzer's right

tires crossed a solid line by about a "couple feet" before he "immediately jerked back" into his lane.  Purtzer then turned right onto Salt Lake Boulevard without signaling.  Officer Baik did not testify that Purtzer crossed the solid line more than once.  There is no other evidence related to this finding.  Therefore, we conclude that the District Court clearly erred in finding that, when Purtzer turned left after exiting the freeway, he crossed the solid line a "couple times" before going back in his lane.

The Hawaiʻi Supreme Court has held that:

> Error is not to be viewed in isolation and considered purely in the abstract.  It must be examined in light of the entire proceedings and given the effect to which the whole record shows it is entitled.  In that context, the real question becomes whether there is a reasonable possibility that error might have contributed to conviction.  If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

State v. Roman, 119 Hawaiʻi 468, 477, 199 P.3d 57, 66 (2008) (citation omitted).

Here, the District Court expressly based its finding of guilt on the "totality of the evidence" presented and "the totality of the circumstances."  The District Court found both testifying officers to be credible, but acknowledged that their testimonies were different in some regards, stating:  "As to how they individually viewed the events that day may be different views, but both were credible.  But they may have viewed the events differently."  The District Court also said it was not

"going to consider" some of Officer Baik's testimony because the court believed Purzter's explanation as to why he rested his hands on the vehicle door when Purtzer exited the vehicle. In light of the District Court's explanation for its determination of guilt based on the *totality* of the evidence, we cannot conclude that the District Court's erroneous finding as to Purtzer's driving irregularities was harmless beyond a reasonable doubt.

We must nevertheless address Purtzer's express claim of insufficiency of the evidence. See State v. Davis, 133 Hawaiʻi 102, 120, 324 P.3d 912, 930 (2014).

In addition to the testimony noted above, Officer Baik testified that during the traffic stop, Officer Baik detected a "strong smell of alcohol" coming from Purtzer's vehicle, Purtzer's eyes were "red and glassy," and Purtzer told the officer that he was coming from a club or bar in Waikīkī where he had a drink.

HPD Officer Garrett Elliott (**Officer Elliott**) testified that he noted a "strong odor of alcohol" when he spoke to Purtzer and that Purtzer had "glassy eyes." On cross-examination, Officer Elliott testified that Purtzer's eyes were not red, bloodshot, or watery. Officer Elliott administered a standardized field sobriety test to Purtzer. During a horizontal gaze nystagmus test, Purtzer kept moving his head, which was contrary to Officer Elliott's instructions to keep his

chin in place.  When Officer Elliott instructed Purtzer to stand with his right foot in front of his left for the walk-and-turn test's instructional phase, Purtzer "had difficulty trying to figure out which was left and which was right" and took about three tries to get into the correct position.  Purtzer broke that stance after about three seconds, and began the test early.  Contrary to Officer Elliott's instructions, Purtzer's first nine steps were not in line and he held out his arms, he turned by spinning on the tips of his toes, and his nine steps back touched heel to toe "only on the corners" and his arms extended from his side.  During a one-leg-stand test, contrary to Officer Elliott's instructions, Purtzer swayed left to right, held his arms out more than six inches from his side, dropped his foot after about 15 seconds, took about 10 more seconds for "a breather" before raising it again, and kept his foot pointed up instead of parallel to the ground.

On appeal, Purtzer notes that both officers testified that Purtzer did not exhibit any slurred speech, that he did not appear to be unsteady on his feet when he walked, and that neither officer offered lay opinion testimony that Purtzer was intoxicated.  Purtzer also offered evidence that the exit was poorly designed and that he was unfamiliar with it (as he was from out of town), as an explanation for his unlawful maneuver when he exited the freeway.

We nevertheless conclude that when the evidence adduced at trial is considered in the light strongest for the prosecution, there was substantial evidence to convict Purtzer of OVUII.

For these reasons, the District Court's October 15, 2019 Judgment is vacated, and this case is remanded to the District Court for a new trial.

DATED: Honolulu, Hawaiʻi, January 26, 2021.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge